J-S20039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD N. DANIELS | : | |
| | : | |
| Appellant | : | No. 35 EDA 2019 |

Appeal from the PCRA Order Entered October 17, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012194-2009

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 07, 2020**

Edward N. Daniels appeals the order denying as untimely his petition for relief filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Daniels alleges his petition is timely under the newly discovered facts exception,[1] and that the PCRA court abused its discretion in denying his motion for recusal. We affirm.

We have previously summarized the underlying facts as follows:

On June 27, 2009, [Daniels], along with Donnell Murchison and Antonio Wright, entered the Piazza Navona Apartments in the Northern Liberties section of Philadelphia. All three men waited in the hallway of the seventh floor. As Rian Thal, who was allegedly expecting a shipment of $500,000 worth of powder cocaine from Texas, and her associate, Timothy Gilmore, were exiting the elevator, [Daniels], Wright, and Murchison pulled out their guns and announced a robbery. Gilmore resisted, and Wright shot him. Murchison then shot Thal in the back of the head. Upon noticing that Gilmore was still alive, Wright shot Gilmore twice more, also

---

[1] *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).

in the head. Both victims died at the scene. [Daniels], Wright, and Murchison fled without obtaining the targeted drugs.

*Commonwealth v. Daniels*, No. 539 EDA 2016, 2016 WL 6124110, at *1 (Pa.Super. Oct. 20, 2016) (unpublished memorandum).

The Commonwealth charged Daniels with the second-degree murder of Rian Thal, robbery, conspiracy, and carrying firearms in public in Philadelphia.[2] A jury found Daniels guilty, and the court sentenced Daniels to life without parole for his second-degree murder conviction. We affirmed the judgment of sentence except that we vacated the conviction for conspiracy.[3] The Pennsylvania Supreme Court denied Daniel's petition for allowance of appeal on February 19, 2014.

Daniels filed his first PCRA petition in April 2014. The PCRA court appointed counsel and ultimately denied relief. This Court affirmed, and the Pennsylvania Supreme Court denied review.

Daniels filed a second PCRA petition, *pro se*, in June 2017. Daniels alleged he had discovered news articles reporting misconduct by Philadelphia Police Detectives Ronald S. Dove, Ohmarr Jenkins, and James Pitts. In the petition, Daniels requested "any available documentary evidence concerning the claim made regarding [the detectives]." PCRA pet., 6/2/17, at 5, ¶ 36.

---

[2] The Commonwealth charged Daniels with the second-degree murder of Timothy Gilmore, robbery, and conspiracy on a separate docket number. **See** companion case, *Commonwealth v. Daniels*, No. 3005 EDA 2019.

[3] We determined that the evidence supported one count of conspiracy, and therefore affirmed the conspiracy conviction in Daniels' other case. **See** note 2, *supra*.

The PCRA court dismissed the petition, and this court affirmed. ***Commonwealth v. Daniels***, No. 2525 EDA 2017, 2018 WL 3469857 at *1 (Pa.Super. July 19, 2018) (unpublished memorandum). As to the allegations against Detective Pitts, we concluded that the petition was untimely because the 2013 and 2016 news articles that Daniels claimed as "newly discovered facts" pre-dated Daniels' 2017 petition by more than 60 days.[4]

Daniels filed the instant PCRA petition, his third, *pro se* on August 28, 2018. Daniels asserted that on November 7, 2017, an attorney notified him of the Philadelphia Court of Common Pleas' decision in ***Commonwealth v. Thorpe***, No. CP-51-CR-0011433-2008 (Phila. Cty. filed Nov. 3, 2017). Daniels claimed that in ***Thorpe***, the PCRA court granted relief after finding that Detective James Pitts had engaged in coercive conduct when interviewing witnesses in that case and other cases. Daniels stated that sometime after the attorney informed him of ***Thorpe***, he obtained the transcripts of and exhibits from the evidentiary hearing in ***Thorpe***. Daniels asserted that ten witnesses at that hearing "testified about the conduct of Detective James Pitts, which established that he routinely threat[en]s, coerces, and abuses people to obtain statements." PCRA Pet. 8/28/18, at 5 ¶ 34.

---

[4] The current version of the statute allows petitioners one year to file a petition based on newly discovered facts. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Daniels alleged that Detective Pitts interviewed five people in connection with the investigation of Daniels' case.[5] Daniels claimed the Commonwealth

---

[5] Daniels' allegations regarding Detective Pitts' involvement in his case are, in full, as follows:

(a) Robert Keith was brought in, and interrogated, by Detective Pitts on July 9, 2009. Keith implicated Epps, Murchison and Jones.

(b) Nicholas Davitt was interrogated by Detective Pitts on June 27, 2009. Davitt said he observed 3 black males driving around the apartment building, going inside it, and a female that seemed to be listening and observing people, after the police arrived.

(c) Edward Emerson was interrogated by Detective Pitts on September 29, 2009. Emerson was inside Rian Thal's apartment when the shooting happened, but he did not see it. Emerson was from Houston and came to Philadelphia in the truck with Timothy Gilmore, who was killed along with Thal.

(d) Langdon Scott was interrogated by Detectives Pitts and Jenkins on July 24, 2009. Scott was originally a suspect and plead guilty to lesser charges. He testified at the trial and implicated Daniels. Scott identified Caesar Holloway and Donnell Murchison.

(e) Katoya Jones gave 4 statements. She was interrogated by Detective Pitts three times, the second two times she was interrogated by Pitts along with Detective Jenkins. N.T. 11/15/11, [Daniels' trial] pp. 68, 77, 87.

. . . Jones testified that she was held at the police station for two days and interrogated on and off, sometimes 15 to 30 minutes in between questioning, sometimes up to two hours. N.T. 11/15/11, [Daniels' trial] pp. 85-86. She testified that changes were made to her statement that were not in her handwriting. N.T. 11/15/11, [Daniels' trial] pp. 178-179. Jones also testified that the detectives gave her the names of streets and, at least, one person's name in her statement. Id. at 180-181. These characteristics are consistent with Detective Pitts pattern of conduct in obtaining statements.

was aware of Detective Pitts' pattern of abuse before Daniels' 2011 trial, and violated **Brady v. Maryland**, 373 U.S. 83 (1963), by withholding this information from Daniels. Daniels argued the evidence from the **Thorpe** hearing qualified under the PCRA as both after-discovered evidence and evidence of a constitutional violation. **See** 42 Pa.C.S.A. § 9543(a)(2)(i), (vi).

Daniels claimed his petition was timely under the newly discovered facts exception because he allegedly discovered the **Thorpe** decision and obtained the transcripts from that case during the appeal of his second PCRA petition. He alleged that he filed the instant petition within 60 days of the conclusion of his previous appeal. **See Daniels**, 2018 WL 3469857, at *6 n.4 (noting Daniels obtained and raised the **Thorpe** transcripts while his case was on appeal, and dismissing those claims without prejudice to raise them in a subsequent PCRA petition subject to the PCRA's timeliness requirements).

Daniels also filed a Motion for Recusal. Daniels claimed that he had requested permission to conduct discovery in connection with his second petition, and that the PCRA court judge, who had also presided over his trial and previous PCRA petitions, had denied the request and "almost immediately" dismissed the petition as time-barred. Daniels claimed the judge had done so as "a result of bias and partiality," because the judge had presided

_____

. . . Daniels was also physically and verbally abused by Detective Pitts when interrogated about this case.

PCRA Pet. at 9-10, ¶¶ 45-47. We note that Emerson, Scott, and Jones testified for the Commonwealth at Daniels' trial; Keith and Davitt did not.

over another case, ***Commonwealth v. Mclaughlin***,[6] "in which Detective Pitts' pattern of conduct in obtaining statements was an issue." Mot. for Recusal, 9/12/18, at ¶ 5, 7.

The PCRA court dismissed Daniels' petition and denied Daniels' motion for recusal. The PCRA court found Daniels' petition was untimely because Daniels could have discovered the underlying facts through the exercise of due diligence.[7] The PCRA court also concluded that had the petition been timely, Daniels would not be due relief, because the evidence does not relate to misconduct by Detective Pitts in connection with his case; the ***Thorpe*** decision does not qualify as after-discovered evidence, as it would only be used to impeach Detective Pitts' credibility; and the Commonwealth presented overwhelming evidence of Daniels' guilt. The court denied Daniels' recusal motion, finding that it could fairly and objectively rule on the PCRA matter, and that the court's denial of Daniels' discovery motion in a previous PCRA petition did not warrant recusal.

---

[6] ***See*** CP-51-CR-0010456-2008.

[7] The PCRA court's Rule 907 notice of its intent to dismiss the petition erroneously stated it was dismissing the petition because it lacked merit, whereas the court's Rule 1925(a) opinion states it dismissed the petition because it was untimely. However, Daniels does not argue this caused him prejudice, and because the petition is untimely, the court's failure to comply with Rule 907 is not reversible error. ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa.Super. 2014).

Daniels appealed,[8] and raises the following:

1. Whether [Daniels] presented newly discovered facts and exercised due diligence sufficient to satisfy an exception to the time-bar[.]

2. Whether [Daniels] would have been entitled to relief on the claim that the Commonwealth violated **Brady v. Maryland**[.]

3. Whether [Daniels] would have been entitled to relief on the claim of newly discovered evidence[.]

4. Whether the PCRA Court abused its discretion by denying [Daniels'] Motion for Recusal[.]

Daniels' Br. at 4 (answers below omitted, italics added).

### Timeliness of the PCRA Petition

When the PCRA court denies relief, we review to "determine whether the PCRA court's order is supported by the record and free of legal error." **Commonwealth v. Anderson**, --- A.3d ----, 2020 WL 3261489, at *2 (Pa.Super. June 17, 2020) (quoting **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa.Super. 2018)).

Timeliness is a jurisdictional threshold to PCRA relief. **Id.** Daniels' judgment of sentence became final in 2014, when the Pennsylvania Supreme

---

[8] Daniels filed his notice of appeal two months after the court dismissed his PCRA petition. His notice asserted that the PCRA court did not mail him the final order dismissing his petition until November 26, 2018, and he did not receive it until December 7, 2018. Daniels attached, as an exhibit, an envelope sent to him from the Philadelphia Court of Common Pleas, bearing a postmark of November 26, 2018, and stamped as received by the prison on December 7, 2018. Although this Court may not extend the deadline for filing an appeal, we decline to quash where the appellant's appeal was untimely due to a breakdown in the trial court's operations. **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa.Super. 2019), *reargument denied* (Nov. 12, 2019). Under the instant circumstances, we will not quash.

Court denied review, and the time in which to appeal to the Supreme Court of the United States expired. *See* 42 Pa.C.S.A. § 9545(b)(3). As Daniels did not file his petition until more than one year after that date, Daniels' petition is timely only if he has pleaded and proven that one of the enumerated exceptions to the one-year time-bar applies. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Daniels claims his petition is timely under the "newly discovered facts" exception, which requires proof that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). The focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Johnson*, 863 A.2d 423, 427 (Pa. 2004), *abrogated on different grounds as recognized by Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007); *see, e.g., Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008) (holding affidavit alleging fabricated testimony was not newly discovered fact, but merely new "conduit" for a previously raised claim of perjury).

Daniels bases his claim on his receipt of the transcripts of the June 2017 evidentiary hearing in *Thorpe*. Daniels argues he acquired the transcripts of the *Thorpe* hearing in late 2017 and filed his petition within 60 days after this Court disposed of the appeal of his previous petition. Daniels claims the evidence presented at the *Thorpe* hearing constituted new facts proving that Detective Pitts engaged in coercive interrogation tactics that affected the

outcome of his own case. Daniels claimed he could not have obtained the testimony or records presented at the **Thorpe** hearing earlier, or compile such evidence himself, as Thorpe did, without the assistance of counsel.

Daniels failed to meet the newly discovered facts exception because the "facts" he asserts are not "new." In his second PCRA petition, Daniels claimed that Detective Pitts had a history of abusive and coercive interrogation techniques, which had corrupted the integrity of other criminal cases, and called into question the validity of his conviction. Daniels recycles that claim in his present petition, but merely identifies a new source for the same "facts," the transcript of the **Thorpe** hearing. **See Commonwealth v. Hill**, 202 A.3d 793, 799-800 (Pa.Super. 2019) (holding PCRA petition, based in part on newspaper article of 2016 civil judgment against Detective Pitts, untimely where petitioner had raised allegations of Detective Pitts' investigatory corruption in previous petition); **see also Commonwealth v. Ambrose**, No. 1464 EDA 2018, 2019 WL 3307523, at *4 (Pa. Super. Ct. July 23, 2019) (holding transcript from PCRA hearing in **Thorpe** was not newly discovered fact where petitioner had raised allegations of Detective Pitts' misconduct in other cases in earlier PCRA petition, and was not evidence of misconduct in the instant case).[9]

_____

[9] Even if we considered the substantive content of the **Thorpe** hearing as newly discovered facts within the context of the timeliness exception, Daniels has not proven that he could not have uncovered the same content earlier through the exercise of due diligence. As the PCRA court stated,

In addition, the "fact" a petitioner claims to have newly discovered must bear some logical connection to a plausible claim for relief. **See Commonwealth v. Robinson**, 185 A.3d 1055, 1062 (Pa.Super.) (*en banc*), *appeal denied*, 192 A.3d 1105 (Pa. 2018). In **Commonwealth v. Brown**, 134 A.3d 1097, 1109 (Pa.Super. 2016), we held that a new trial was not warranted where the only evidence offered against Detective Pitts was not specific to the case at bar. Likewise, here, the evidence from the **Thorpe** hearing is not evidence of Detective Pitts' misconduct in the instant case and therefore does not provide a factual basis for any claim Daniels could make.

## Denial of the Recusal Motion

Daniels argues the PCRA court abused its discretion in denying his motion for recusal, and did not decide the motion based on whether there was an objective appearance of impropriety. Daniels argues there was at least the appearance of impropriety because: (1) the evidence he obtained from the **Thorpe** hearing shows that the PCRA court judge presided over another case

---

[T]he evidence underlying [the **Thorpe**] decision [was] not [new facts], as evidenced by the fact that [it was] set forth in the **Thorpe** case, wherein Thorpe filed his PCRA petitions raising the allegations against Detective Pitts on May 8, 2015. [Daniels], thus, could have discovered the facts underlying his current PCRA petition had he exercised due diligence[. . . .] Notably, [Daniels] failed in his most recent PCRA petition to set forth any argument as to why he could not have discovered the allegations against Detective Pitts sooner. This alone rendered his filing untimely filed.

PCRA Ct. Op., 1/30/19, at 7.

in which Detective Pitts' pattern of misconduct was at issue; and (2) that same judge had dismissed Daniels' second PCRA petition, which may have uncovered this evidence earlier, "almost immediate[ly],"[10] without allowing Daniels to conduct discovery or amend his petition. Daniels' Br. at 24.

When considering a motion for recusal, a judge must determine "whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary." *Commonwealth v. Rominger*, 199 A.3d 964, 976 (Pa.Super. 2018) (quoting *Commonwealth v. Druce*, 848 A.2d 104, 108 (Pa. 2004)), *reargument denied* (Feb. 4, 2019), *appeal denied*, 217 A.3d 217 (Pa. 2019). We presume "judges of this Commonwealth are 'honorable, fair and competent,'" and the moving party "bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal." *Id.* (quoting *Druce*, 848 A.2d at 108). We will not disturb the denial of a recusal motion absent an abuse of discretion. *Id.* (quoting *Druce*, 848 A.2d at 108).

Daniels hinges his claim on the appearance of impropriety arising from the fact that the PCRA judge dismissed his previous PCRA petition, allegedly preventing him from discovering that the PCRA judge had presided over another case in which Detective Pitts' behavior was called into question. However, Daniels has made no assertion that the *judge* – rather than

---

[10] Daniels filed his second PCRA petition on June 2, 2017, and the court issued its notice of dismissal on June 16, 2017, and dismissed the petition on July 11, 2017.

Detective Pitts – was found to have acted improperly in that other case. There is therefore no reason to believe that the judge would have wanted to prevent Daniels from learning about that case. We thus fail to see how the judge's dismissal of the second petition made the judge's presiding over the present petition appear improper.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/20