J-S14022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAEJON BRENTLEY | : | |
| | : | |
| Appellant | : | No. 787 WDA 2022 |

Appeal from the Judgment of Sentence Entered May 9, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003619-2020

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED: JULY 7, 2023**

Appellant, Daejon Brentley, appeals from the trial court's May 9, 2022

judgment of sentence of 6-12 years' imprisonment, imposed after he pled

guilty to voluntary manslaughter, 18 Pa.C.S. § 2503(b), and firearms not to

be carried without a license, 18 Pa.C.S. § 6106(a)(1). We affirm.

The trial court summarized the background of this matter as follows:

On May 11, 2020[,] at approximately 6:27 p.m., City of Pittsburgh
Bureau of Police [O]fficers were called to the scene of a shooting
on McKinley Street in the Knoxville section of the City of
Pittsburgh. The victim, Garrett King, was found at the scene in
critical condition. He was transported to the hospital and was
eventually pronounced dead. The cause of his death was multiple
gunshot[] wounds to the torso and extremities. Surveillance video
disclosed that a gold sedan stopped in the middle of McKinley
Street. Three occupants of the sedan exited the vehicle and one
of the occupants, [Appellant], began firing shots into the driver's
compartment of a nearly black sports utility vehicle. The three
occupants got back in the sedan and fled the area. The victim
was observed crawling out of the SUV and collapsing on the

---

[*] Retired Senior Judge assigned to the Superior Court.

sidewalk. At the time of the shooting, [Appellant] was 19 years old and therefore not legally permitted to obtain a license to carry a firearm in a vehicle or concealed on his person. However, the record before this [c]ourt indicates that the victim had made threats of violence against [Appellant's] family and [Appellant] perceived a direct threat from the victim at the time he shot him. As the guilty plea indicates, however, [Appellant] was not justified in shooting the victim.

Trial Court Opinion ("TCO"), 12/2/22, at 1-2.

Following Appellant's guilty plea, the trial court sentenced him to the above-stated term of incarceration. Thereafter, Appellant filed a timely post-sentence motion, which the trial court denied. Appellant subsequently filed a timely notice of appeal, and timely complied with the trial court's instruction to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court then issued a Rule 1925(a) opinion.

On appeal, Appellant raises one issue for our review:

Whether the [t]rial [c]ourt abused its discretion in sentencing [Appellant]?

Appellant's Brief at 3.

Appellant argues that the trial court failed to properly consider all the statutory factors set forth in 42 Pa.C.S. § 9721(b) and 42 Pa.C.S. § 9781(d). Appellant's Brief at 14.[1] In particular, he claims that the trial court "imposed

_____

[1] *See* 42 Pa.C.S. § 9721(b) (stating, *inter alia*, that the court shall consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" in imposing a sentence); 42 Pa.C.S. § 9781(d) (providing that, in reviewing the record, the appellate court shall have regard for (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court

its sentence on [Appellant] due solely to the nature of the crime and that the … [c]ourt failed to refer to any other statutory considerations when fashioning the sentence." *Id.*

Appellant's issue implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912–13.

---

to observe the defendant, including any pre-sentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, the record reflects that Appellant filed a timely notice of appeal and included a Rule 2119(f) statement in his appellate brief in compliance with our Rules of Appellate Procedure. Additionally, he filed a timely post-sentence motion, wherein he asked the trial court to reconsider the sentence imposed due to the substantial mitigating evidence presented, claimed that no facts of record support imposing an aggravated-range sentence for his firearm offense, and argued that imposing the sentences consecutively serves no legitimate penological purpose. Troublingly, though, Appellant did not raise the specific claim that the trial court *solely* sentenced based on the seriousness of the crime and did not consider all relevant statutory factors. Our review of the sentencing transcript also does not indicate that Appellant raised this claim at sentencing. As such, his argument on appeal is waived. *See Griffin*, 65 A.3d at 936 ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citations and emphasis omitted).

Nevertheless, even if not waived, we would deem Appellant's claim meritless. We acknowledge that:

> The Sentencing Code provides that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the

life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.[] § 9721(b). The trial court has discretion within legal limits when sentencing a defendant, and absent an abuse of that discretion, we will not disturb its sentence. *Commonwealth v. Perry*, … 32 A.3d 232, 236 ([Pa.] 2011). An abuse of discretion occurs where "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* (quoting *Commonwealth v. Walls*, 926 A.2d 957, 961 ([Pa.] 2007)). The sentencing judge does not have to give a "lengthy discourse" explaining its reasons for imposing a sentence. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). However, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.*

*Commonwealth v. Rominger*, 199 A.3d 964, 970 (Pa. Super. 2018).

After acknowledging that it received and reviewed Appellant's pre-sentence investigation ("PSI") report in its entirety, *see* N.T., 5/9/22, at 3, the trial court explained its reasoning for the sentence it imposed on Appellant, as follows:

> *Guns, guns, and more guns, that's what we have in Allegheny County.* We can't seem to get up and watch the news or listen to the news in this community without hearing about some shooting. Guns. Solve the problem with guns.
>
> [Appellant], *I complimented you before about your demeanor and the way you are handling this, and I mean it. You are not doing the usual tap dance that we see so many times*. But your decision to go get a gun was a cold, calculated one. And the ultimate reason for not allowing people to carry guns without a license is so they don't shoot somebody, let alone shoot them and kill them, which is what you did. You couldn't be here on a mistaken, unreasonable self-defense argument if you didn't go get the gun while you were cool, calm, and collected. *You may be sitting there thinking, "Well, Judge, I wasn't really cool, calm, collected. I was worried about my family." I understand that.* Being worried doesn't change your ability to think. How do we know that? You went and got a … weapon to protect you and your family. You were

- 5 -

thinking very clearly. Rational thought. Bad judgment but rational thought. People confuse those two, conflate[] them. [Defense counsel] likes that word. Conflate. You could have very good rational thinking but use poor judgment, which is what you did. The ultimate violation of carrying a gun without a license is shooting and killing somebody with it. Aggravated range on that charge is 36 months. And I am sentencing you on the gun charge to 36 to 72 months[' incarceration] because it's an aggravated[-]range sentence and what you did with that gun. That's all the gun charge. We haven't gotten to the homicide yet.

***On the homicide itself, there were some substantial[,] aggravating factors prompting your bad decision[-]making. And that doesn't mean that you had the permission to take somebody's life because that person was harassing or threatening your family.*** It was not a-- the same kind of cool, calculated decision[-]making that occurred with your willing[ness] to get the gun. ***You didn't make the community any safer by getting that gun. You didn't get any training on it. You could have shot yourself. You could have shot a member of your family. It happens all the time. All these toughies in the street who get their guns and they shoot at each other[,] and they miss each other, and they kill some innocent third person, like Charlie Batch's sister for example, if anybody in the room knows that story.[2] A student walking home from school gets shot down by two drug guys shooting at each other.*** As to the homicide, standard sentencing, 36 to 54 months, mitigated is 24 [months].

… I am not minimizing the loss of [the victim]. But that charge, on its own, deserves some consideration for a mitigated sentence.

Accordingly, [Appellant] will be sentenced upon that in the low end of the standard range of 36 to 72 months, and it is consecutive to the gun charge[,] or the gun charge is consecutive to it. The sentence is 6 to 12 years in prison.

***Id.*** at 20-22 (emphasis added).

Based on our review of the record, we would discern no abuse of

discretion. At the outset, the trial court stated that it reviewed Appellant's

---

[2] Charlie Batch is a football player who played for the Pittsburgh Steelers.

PSI report prior to sentencing him, and we observe that, "where the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004) (citation omitted). Appellant contends that this presumption was rebutted in this case by the trial court's "single-minded focus" on the seriousness of the crime. Appellant's Brief at 16. We would disagree.

Contrary to Appellant's assertions, the trial court did not solely focus on the seriousness of the crime. Instead, it considered the sentencing guidelines as well as the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of Appellant. 42 Pa.C.S. § 9721(b). With respect to the protection of the public, the trial court discerned that Appellant did not make the community any safer by obtaining the gun, and it spoke to the prevalence of gun violence in Allegheny County. It also considered the gravity of the offense, noting that although the victim was harassing and threatening Appellant's family, that behavior did not give Appellant permission to take the victim's life. The trial court also pointed out the dangerous risk that gun violence poses to the community, including to innocent bystanders. Finally, with respect to the rehabilitative needs of Appellant, the trial court acknowledged that Appellant accepted responsibility for the crimes and had concerns for the safety of his family at the time of the incident at issue.

- 7 -

Nevertheless, the trial court considered the poor judgment Appellant exercised in obtaining the gun in the first place, and it weighed that he then used it to shoot and kill somebody. In addition, the trial court had the benefit of the PSI report, which we have no reason to doubt the trial court reviewed and considered, and we reject Appellant's insistence that we should deem the presumption rebutted because the trial court focused solely on the seriousness of the crime. **See Boyer**, **supra**. Accordingly, even if preserved in his post-sentence motion, we would deem Appellant's argument on appeal meritless, and affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2023