OPINION BY McLAUGHLIN, J.:
Karl Ernst Rominger appeals pro se from the judgment of sentence imposed following his re-sentencing after he pled guilty to one count of theft by deception and 18 counts of misapplication of entrusted property.[1] He raises various challenges to his sentence, and claims the trial court erred in denying his motions to disqualify the Office of the District Attorney and for recusal of the trial judge. We affirm.
Rominger, an attorney, was charged with the above crimes in connection with his handling of client funds. He made a motion at a pretrial hearing in March 2016 to disqualify the Office of the District Attorney.[2] He maintained that he and the assistant district attorney ("ADA") prosecuting his case had had numerous disagreements regarding prior, unrelated cases in which Rominger was the defense attorney and the ADA was the prosecutor. He claimed that one such disagreement became physical. N.T., 3/9/16, at 5-8, 12. He also maintained that there was a connection between his former client Jerry Sandusky and the District Attorney's loss of an election for Attorney General of Pennsylvania. Id. at 7-8. The trial court denied the motion.
Rominger pled guilty in May 2016, to the above-referenced crimes and the trial court later imposed sentence. On appeal, this Court concluded that the sentence imposed "contain[ed] a computation error and/or a portion of the sentence that is not clearly explained in the record." Commonwealth v. Rominger , 1710 MDA 2016, at 8 (Pa.Super. filed May 11, 2017) (unpublished memorandum). We also determined that the trial court had illegally imposed concurrent terms of probation and incarceration. Id. We therefore vacated the judgment of sentence and remanded for re-sentencing.
At a re-sentencing hearing in June 2017, the ADA stated that Rominger was not *969 eligible for the county's treatment court because Rominger sought treatment for a gambling addiction rather than substance abuse. The ADA explained that although the court verifies abstinence from drugs and alcohol through blood and urine testing, it lacked a mechanism to verify abstinence from gambling. N.T., 6/20/17, at 47-48. The court then imposed an aggregate sentence of 60 to 156 months in prison followed by five years of probation. The sentence consisted of one to five years' incarceration plus 3 years' probation for the theft conviction. The court also imposed consecutive terms of three to six months' incarceration on 16 of the misapplication of entrusted property convictions; for the remaining two counts of misapplication of entrusted property, the trial court imposed consecutive terms of one year of probation.
Rominger was represented by counsel during the re-sentencing proceedings, but after the re-sentencing, counsel filed a motion to withdraw. The trial court conducted a hearing pursuant to Commonwealth v. Grazier , 552 Pa. 9, 713 A.2d 81 (1998), and after concluding that Rominger, an attorney, voluntarily, knowingly, and intelligently waived his right to counsel, permitted Rominger to proceed pro se . Order of Court, filed July 11, 2017.
Rominger filed a post-sentence motion, which he later supplemented twice. He included in an addendum to his post-sentence motion a motion to recuse the trial judge; he also filed a motion for post-sentence discovery. See Second Addendum to Post-Sentence Motion, filed July 17, 2017; Motion to Compel Discovery Post Sentence, filed July 5, 2017. The trial court denied the motions. Rominger timely appealed.
Rominger raises the following issues:
I. Was [Rominger's] minimum aggregate sentence of 60 months an abuse of discretion and impermissible under [ North Carolina v. Pearce , 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) ], where the Superior Court found the prior minimum aggregate sentence was 54 months?
II. Did the court below err in refusing to disqualify the district attorney due to an actual conflict of interest on either of the two occasions the same was requested below?
III. Was it an abuse of discretion for the court below to refuse to rule or act on [Rominger's] timely request to be admitted into the Cumberland County treatment court for his offenses, when the sentencing judge below was the only judicial officer who could rule on the same?
IV. Was the entry of the aggregate sentence below an abuse of discretion where the sentencing court relied on misleading exhibits and evidence from the Commonwealth and drew incorrect inferences from those exhibits which were not supported by the record?
V. Was [Rominger's] sentence manifestly excessive, too harsh a punishment and unconstitutional because the court focused exclusively on punishment to the exclusion of all the other factors under the sentencing code, including [Rominger's] rehabilitative needs, and where the court treated [Rominger] more harshly because he was an attorney, thereby resulting in a clearly unreasonable application of the sentencing code?
VI. Was [Rominger's] sentence manifestly excessive, too harsh a punishment and unconstitutional because the court relied on a stale and incomplete presentence investigation, failed to consider that as a level 3 offender treatment was recommended over incarceration by the guidelines, chose state incarceration where no treatment is available to *970 [Rominger], failed to consider the harm to [Rominger] by removing him from active treatment for his gambling addiction, failed to consider the substantial restitution that would not be paid while in state incarceration, and where the court imposed the penalty for punishment's sake, thereby resulting in a clearly unreasonable application of the sentencing code and violating the fundamental norms of sentencing?
VII. Did the sentencing judge err in not recusing himself where there was an appearance of a conflict, because his close personal friend donated $500,000.00 to his judicial campaign, and a casino developer with lands a[d]joining that friend's lands donated $500.00, where those donors stand to gain by the development of a casino on those lands, and where [Rominger's] chief mitigation was pathological gambling?
Rominger's Br. at 6-7. For ease of discussion, we will address Rominger's claims out of order.
In issues one, four, five, and six, Rominger challenges the discretionary aspects of his sentence. Before we may entertain the merits of such a challenge, we must determine four things. We must determine whether: (1) the appeal is timely; (2) appellant preserved his issue; (3) appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) there is a substantial question raised under the Sentencing Code. Commonwealth v. Heaster , 171 A.3d 268, 271-72 (Pa.Super. 2017).
Rominger clears all four hurdles. He filed a timely appeal, preserved his issues in a post-sentence motion, and included in his brief a concise statement of the reasons relied upon for allowance of appeal. Further, his claims raise substantial questions. Commonwealth v. Barnes , 167 A.3d 110, 123 (Pa.Super. 2017) (en banc ); Commonwealth v. Serrano , 150 A.3d 470, 473 (Pa.Super. 2016) (finding substantial question where appellant claimed trial court failed to consider individualized needs); Commonwealth v. Coulverson , 34 A.3d 135, 143 (Pa.Super. 2011) (finding substantial question where appellant argued trial court focused on seriousness of offense and did not consider his rehabilitative needs); Commonwealth v. Caldwell , 117 A.3d 763, 770 (Pa.Super. 2015) (en banc ) (finding substantial question where defendant challenged consecutive sentences as excessive and court's alleged failure to consider rehabilitative needs). We will therefore address his sentencing claims.
The Sentencing Code provides that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The trial court has discretion within legal limits when sentencing a defendant, and absent an abuse of that discretion, we will not disturb its sentence. Commonwealth v. Perry , 612 Pa. 557, 32 A.3d 232, 236 (2011). An abuse of discretion occurs where "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Id. (quoting Commonwealth v. Walls , 592 Pa. 557, 926 A.2d 957, 961 (2007) ). The sentencing judge does not have to give a "lengthy discourse" explaining its reasons for imposing a sentence. Commonwealth v. Crump , 995 A.2d 1280, 1283 (Pa.Super. 2010). However, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." Id.
*971 Rominger first claims the trial court abused its discretion because it imposed a more severe sentence upon re-sentencing. If the court imposes a harsher sentence at re-sentencing, "a presumption of vindictiveness applies." Commonwealth v. Robinson , 931 A.2d 15, 22 (Pa.Super. 2007) (en banc ). "That presumption can be overcome by pointing to 'objective information in the record justifying the increased sentence.' " Id. (quoting Commonwealth v. Speight , 578 Pa. 520, 854 A.2d 450, 455 (2004) ).
Here, a presumption of vindictiveness does not arise. Rather than being an increase in sentence, Rominger's new aggregate minimum sentence falls in the middle of the two conflicting indications of Rominger's initial, aggregate minimum sentence. That is, the 60 months is midway between 54 and 66 months. It also bears noting that the trial court's stated intention at the original sentencing hearing was to impose an aggregate minimum sentence of 66 months, and the aggregate minimum sentence on re-sentencing was only 60 months. We thus decline to apply the presumption of vindictiveness.[3]
Moreover, even presuming vindictiveness, Rominger's claim still fails. Our prior decision in this case makes clear that the reason for the change in sentence on re-sentencing was the correction of errors and the need for clarification in the original sentence, not vindictiveness at re-sentencing. In our prior decision, we stated that the sum of the sentences the court imposed on Rominger at the first sentencing hearing was 54 months to 18 years' imprisonment. Rominger , No. 1710 MDA 2016, at 5. However, we also pointed out that the trial court contradictorily stated on the record that it was imposing an aggregate sentence of 66 months to 18 years in prison. Id. at 4-5. In addition, the trial court illegally imposed concurrent sentences of imprisonment and probation. Id. at 8. We therefore vacated the sentence and remanded to clarify or correct the sentencing order and rectify the illegal sentence. On remand, the trial court re-fashioned the sentence in order to meet its sentencing goals. Objective information of record thus justifies the change in sentence, and Rominger's first claim fails.
Rominger next maintains that the trial court abused its discretion at re-sentencing by relying on various Commonwealth exhibits. He maintains the Commonwealth presented at sentencing and re-sentencing several misleading exhibits, including social media posts and a news article about the sentence given to a funeral director who stole from 102 victims. He claims he did not lead a lavish lifestyle and the court considered the posts out of context. He further claims that the trial court erred in not re-opening the re-sentencing record so that it could reconsider the new sentence in light of additional testimony that would support this claim.
The Commonwealth first presented its sentencing exhibits in a pre-sentence memorandum that it filed before the first sentencing hearing. Rominger then responded with his own pre-sentence memorandum, *972 which he later supplemented. In his two filings, Rominger provided the court with extensive information about his alleged addiction, life history, personal character, and finances. He also presented expert testimony about gambling addiction, and both parties presented argument at sentencing:
The information in the pre-sentence investigation was supplemented by a pre-sentence memorandum provided by [Rominger] prior to his original sentencing. [Rominger's] pre-sentence memorandum provided an extensive summary of [Rominger's] social history, economic circumstances, and claim of gambling addiction. The 18-page document included over 30 pages of character references describing [Rominger's] family and social relationships, interests, activities, and employment background. The Commonwealth also provided a sentencing memorandum which included dozens of copies of [Rominger's] social media activity while the charges were pending against him. Moreover, [the] Commonwealth's initial sentencing memorandum prompted [Rominger's] filing of a counseled response disputing claims raised by the Commonwealth.
Two days prior to his current sentencing, [Rominger] provided the Court with an addendum to his original pre-sentence memorandum. The addendum included additional character references including numerous letters from inmates and prison guards from the facility at which he was in custody which spoke to his behavior and rehabilitation. The addendum also updated the Court with the status of federal criminal charges which had been pending against him. During the sentencing proceeding, the Court permitted [Rominger] to call an expert on gambling addictions who proffered testimony in regard to [Rominger's] addiction and treatment needs. Following this testimony, [Rominger] was provided his right of allocution.[4] The Court also received information concerning victim impact and entertained arguments from both the prosecution and defense counsel. Under these circumstances, [Rominger] cannot credibly argue the Court lacked sufficient information concerning [Rominger's] character and the particular circumstances of the offense.
[4][Rominger] was given two opportunities to address the Court concerning sentencing as he exercised his right to allocution at both the original sentencing and re-sentencing.
Trial Court Opinion, filed Dec. 7, 2017, at 3-4 ("1925(a) Op.").
The trial court thus had the benefit of not only the Commonwealth's information, but also the information Rominger chose to put in his pre-sentence memorandum and the addendum. The court did not abuse its discretion in considering the Commonwealth's exhibits simply because Rominger contended after the fact that they were misleading.
Furthermore, Rominger had numerous opportunities before and during the sentencing and re-sentencing hearings to refute the Commonwealth's claims or place the Commonwealth's information in what he considered to be the proper context. He in fact put before the court information he deemed relevant in his pre-sentence memorandum and addendum. "Appellant was given the opportunity to present mitigating evidence, with a full understanding of the consequences of not presenting such evidence, but chose not to do so." Commonwealth v. Randolph , 582 Pa. 576, 873 A.2d 1277, 1282 (2005) (finding no error where defendant validly waived right to counsel and then failed to present mitigating evidence). The denial of Rominger's *973 post-sentence request to re-open the record was not an abuse of discretion.
Rominger next maintains that the trial court did not impose an individualized sentence and his sentence was too harsh because the trial court focused on punishment to the exclusion of all other factors listed in the Sentencing Code. He also maintains that the court failed to consider his lack of criminal record and character evidence. He further claims the trial court sentenced him more harshly because he was an attorney and that the court should not have considered his profession, as the Supreme Court of Pennsylvania has sole authority to discipline attorneys.
Contrary to Rominger's contention, the trial court did not base the sentence solely on the need for punishment. Rather, as discussed above, the trial court considered the PSI,[4] the sentencing memoranda, the letters, Rominger's allocution, the impact of the crime on the victims, the expert testimony, and the arguments from counsel. It then imposed an individualized sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).
Rominger relies on Commonwealth v. Lowe , 361 Pa.Super. 343, 522 A.2d 614, 617 (1987), to argue that the trial court erred in considering his status as an attorney when imposing sentence and in failing to consider his lack of criminal record. His reliance on Lowe is misplaced. In that case, the defendant was found guilty of solicitation to commit forgery and filing a false report to law enforcement officers. Id. at 615. There was no allegation that he used his status as a police officer to commit the crimes. At sentencing, the trial court treated the fact that the defendant was a state police officer as an aggravating circumstance. Id. at 616. This Court concluded that the trial court erred in so doing. Id. However, we distinguished the case from "those situations where 'the defendant abused his position of trust, public office, or fiduciary obligation to facilitate the commission of the offense." Id. at 616 n.3 (quoting 204 Pa.Code § 313.1(e) ).
Here, the trial court noted that in committing the crimes, Rominger breached the trust his clients had placed in him. N.T., 8/17/16, at 26-27; N.T. 6/20/17, at 44-45. Considering this breach of trust was not an abuse of discretion. See Lowe , 522 A.2d at 616 n.3. See also United States v. Sinko , 394 F. App'x 843, 848 (3d Cir. 2010).
Further, his claim that the trial court could not consider his status as an attorney because the Pennsylvania Supreme Court has exclusive authority over members of the legal profession is meritless. Rominger cites Reilly v. Southeastern Pennsylvania Trans p. Authority , 507 Pa. 204, 489 A.2d 1291 (1985). There, this Court determined that a remand was necessary for a hearing on a motion to recuse *974 the trial judge, in which the defense had alleged a violation of the then-applicable Code of Judicial Conduct. The Pennsylvania Supreme Court concluded that no such hearing was proper. The Court pointed out that it had previously held that ethics rules governing attorneys "do not have the force of substantive law." Id. at 1298 (citing Estate of Pedrick , 505 Pa. 530, 482 A.2d 215 (1984) ). The Court then explained that courts other than the Pennsylvania Supreme Court lack authority to impose punishment for "perceived violations" of attorney or judicial misconduct, as such authority resides exclusively in the Supreme Court. Id. at 1299.
Here, in contrast to Reilly , the trial court did not attempt to adjudicate a claim of, or impose punishment for, a violation of the Rules of Professional Conduct. Rather, the court imposed a sentence for violations of the Crimes Code and in doing so, it considered, as one of several factors, that Rominger had used his position of trust as an attorney to commit the crimes for which the court was imposing sentence. This was not an abuse of discretion. Rather, it was an appropriate consideration of Rominger's individual circumstances. The trial court did not have to ignore the fact that in order to commit his crimes Rominger abused the trust his clients had placed in him. Lowe , 522 A.2d at 616 n.3.
Rominger next contends that the trial court erred in failing to consider his gambling addiction and the fact that sentencing him to prison in effect removed him from treatment for his addiction. He also argues that the court failed to consider that the victims will allegedly be unable to receive restitution until his release. Contrary to Rominger's argument, the trial court heard and considered evidence regarding Rominger's gambling addiction and need for treatment. N.T., 6/20/17, at 9-26. The court also acknowledged, among other factors, Rominger's gambling addiction, his need for treatment, and the victims. Id. at 43-47. The court nonetheless determined that, considering all factors, a sentence of imprisonment was proper. Id. at 48. This was not an abuse of discretion.
Rominger also argues the trial court abused its discretion in denying participation in the county treatment court. At the re-sentencing, the ADA explained:
The answer is no, Your Honor, and I believe from Mr. Dailey who runs our treatment court and by the treatment court team, Judge Masland and so forth, the issue is with verifying compliance, for example, [blood alcohol content], urine testing, and things of that nature, that they didn't have the ability to do polygraphs and so sexual addiction, gambling addiction, those types are not the type for treatment court as far as their program goes.
N.T., 6/20/17, at 47-48. We further note that the Treatment Court Application Instructions state the criteria used to identify those who may qualify for the court, which include that the offender "has a verifiable history of substance abuse" and that the offender "commits an offense related to substance abuse." Supplemental Materials and Exhibits, filed Nov. 22, 2017, at Ex. A. Gambling is not a "substance." The trial court had no discretion regarding the treatment program, as Rominger did not meet the eligibility requirements of the program.
Rominger next contends that the trial court abused its discretion in denying his request to disqualify the Office of the District Attorney. He maintains there was a conflict of interest because Rominger had a physical altercation with the ADA and that the ADA was upset due to a quashal of a highly publicized drug prosecution. Additionally he claims that there *975 was animosity by the ADA towards Rominger from a grand jury proceeding and that his former client was instrumental in the District Attorney's loss of an election for Attorney General. Further, he alleges the ADA refused to add two victims to the current case after Rominger informed him of their existence.
Rominger did not raise the denial of his motion to disqualify the Office of the District Attorney in his first appeal. Brief for Appellant, No. 1710 MDA 2016, at 8 (Pa.Super. filed Dec. 21, 2016) (raising three challenges to sentence). Therefore, he waived it. See Commonwealth v. Williams , 151 A.3d 621, 625 (Pa.Super. 2016) (issue waived where failed to raise it in first direct appeal).[5] Moreover, even if Rominger had not waived this claim, we would reject it as meritless.
We review an order denying a motion to disqualify a district attorney for abuse of discretion. Commonwealth v. Stafford , 749 A.2d 489, 494 (Pa.Super. 2000). A district attorney should be disqualified where "an actual conflict of interest affecting the prosecutor exists in the case." Id. (quoting Commonwealth v. Eskridge , 529 Pa. 387, 604 A.2d 700, 702 (1992) ). Situations where courts have found an actual conflict of interest include where a district attorney's private law partners represented the victims of the accident in civil suits against the defendant, Eskridge , 604 A.2d at 701, and where the assistant district attorney was involved in a romantic relationship with the defendant's wife, Commonwealth v. Balenger , 704 A.2d 1385, 1386 (Pa.Super. 1997). We have stated that "[m]ere animosity ... is not sufficient by itself to require replacement of a prosecutor." Stafford , 749 A.2d at 495.
Here, Rominger alleged the ADA had personal animosity toward him based on prior cases in which Rominger represented defendants and the ADA represented the Commonwealth. He further maintains that he and the ADA argued in an elevator and that a witness recalls the argument becoming physical.[6] N.T., 3/9/16, at 5-8, 12. He also stated that there was a connection between Rominger's representation of Jerry Sandusky and the District Attorney's loss of an election for Attorney General of Pennsylvania. Id. at 7. The trial court denied the motion, noting "absent some indication that there has been an abuse of authority in the manner in which this case has been prosecuted ... I just can't recuse every time a defendant comes in and says I don't like that prosecutor." N.T., 3/9/16, at 11. This was not an abuse of discretion.
In his final issue, Rominger alleges the trial judge erred when he denied the motion for recusal of the judge. Rominger appears to believe that the trial judge should have recused himself because two individuals who donated to the judge's campaign for a position on the Pennsylvania Supreme Court had ties to the gambling industry. He claims that such donations *976 would make the trial judge unwilling or unlikely to find that pathological gambling was instrumental in his criminal conduct.
Here, Rominger raised the issue of recusal in a post-sentence motion, claiming it was his first opportunity to do so, as he just learned of the alleged conflict. He provides no reason, however, as to why he could not have obtained information regarding the donations at an earlier date. Reilly , 489 A.2d at 1302 (dismissing attempts to dismiss a trial judge post-trial where appellant "failed to show that the evidence it now seeks to use for ... recusal was unavailable during trial in the exercise of due diligence or that, based upon the record, the existence of the evidence would have compelled a different outcome in this case"). The claim is waived and even if he had not waived his recusal request, we would reject it as meritless.
Where a party questions the impartiality of a judge, "the proper recourse is a motion for recusal, requesting that the judge make an independent, self-analysis of the ability to be impartial." Commonwealth v. Druce , 577 Pa. 581, 848 A.2d 104, 108 (2004) (quoting Commonwealth v. Travaglia , 541 Pa. 108, 661 A.2d 352, 370 (1995) ). "[T]he judge must then decide 'whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary.' " Id. (quoting Commonwealth v. Tharp , 574 Pa. 202, 830 A.2d 519, 534 (2003).
This Court "presumes judges of this Commonwealth are 'honorable, fair and competent,' and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice." Id. (quoting Commonwealth v. White , 557 Pa. 408, 734 A.2d 374, 384 (1999) ). The party requesting recusal "bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the 'decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.' " Id. (quoting Commonwealth v. Darush , 501 Pa. 15, 459 A.2d 727, 731 (1983) ).
The trial judge addressed the merits of Rominger's recusal claim and found it meritless and lacking "rational support." The judge explained:
It is true the undersigned conducted an unsuccessful campaign seeking a seat on the Pennsylvania Supreme Court. It is also true that the two individuals referenced, but incorrectly identified, in the motion contributed to the undersigned's campaign in the amounts noted. Finally, it is acknowledged, based upon local media reports, the smaller contributor had previously applied for a gaming license under the Pennsylvania Race Horse Development and Gaming Act. The undersigned, however, has no knowledge in regard to whether the two donors have a business relationship with each other. Further, the undersigned is unaware whether the smaller donor had any interest, either directly or indirectly, in the property referenced in the motion and is not aware who actually owns the land at issue. The Motion to Recuse lacks merit on two bases: (a) a jurist can't be biased in their decision making if he or she is factually unaware of the circumstances alleged to be the basis for the bias; and (2) your undersigned unquestionably believes in my ability to rule impartially and without prejudice as [Rominger's] claim is built upon a foundation of assumptions and unsupported conclusions so tenuous that, except for the effort required to address this issue, never ever entered my thought process until I was required to address the issue *977 through [Rominger] recently raising the same.
1925(a) Op. at 9 n.9. Rominger has provided no evidence to establish "bias, prejudice, or unfairness necessitating recusal." Further, we agree with the trial court that Rominger's "claim lacks rational support," 1925(a) Op. at 10, and find the trial court did not abuse its discretion in denying the recusal request.
Judgment of sentence affirmed.

18 Pa.C.S.A. §§ 3922(a)(1) and 4113(a), respectively.

The District Attorney's Office, without conceding a conflict, agreed to ask the Office of the Attorney General of Pennsylvania to handle the case. N.T., 3/9/16, at 2-3. On the day of the hearing, the District Attorney's Office heard from the OAG, who apologized for not responding earlier, but did not say whether it would handle the case. Id.

Rominger relies on Commonwealth v. Johnson , 860 A.2d 146 (Pa.Super. 2004), disapproved of on other grounds by Commonwealth v. Robinson , 931 A.2d 15 (Pa.Super. 2007). There, the trial court imposed consecutive sentences following remand believing, based on its notes, that it had imposed consecutive sentences at the original sentencing. Id. at 151. The court did not have access to the certified record. Id. at 151. On appeal, this Court found, after reviewing the certified record, that the court had imposed concurrent sentences at the original sentencing and thus vacated the consecutive sentences. Id. at 151-52. Here, unlike in Johnson , we concluded in the prior appeal that we could not determine from the record the sentence the court intended to impose.

In his statement of questions presented, Rominger refers to the trial court's use of an allegedly "stale" PSI at the re-sentencing. He does not make any argument to support this allegation in his argument section, or otherwise develop it into a claim that the trial court's relying on the PSI was somehow improper. He therefore has abandoned any such claim. Furthermore, the re-sentencing took place relatively shortly after the initial sentencing, and Rominger did not request a second PSI or identify any information in the original PSI that was allegedly no longer accurate. The trial court thus permissibly relied on the PSI. Commonwealth v. Finnecy , 135 A.3d 1028, 1033 (Pa.Super. 2016) (finding no abuse of discretion where court relied on PSI that was seven months old, appellant did not argue circumstances had changed, and court was sufficiently apprised of facts).

Rominger also waived this claim when he pled guilty. Commonwealth v. Jones , 593 Pa. 295, 929 A.2d 205, 212 (2007) ("When a defendant pleads guilty, he "waives the right to challenge anything but the legality of his sentence and the validity of his plea.").

He further alleged for the first time in the post-sentence motions that he previously donated to the District Attorney's election funds and that the District Attorney solicited funds for his re-election from Rominger while investigating him. He did not raise this before the trial court at the hearing addressing the motion, or at any time before sentencing, and, therefore, waived any recusal request based on this claim. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").