J-S03024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRANDON DOONAN | : | |
| | : | |
| Appellant | : | No. 2361 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 18, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004562-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRANDON DOONAN | : | |
| | : | |
| Appellant | : | No. 2362 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 18, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007679-2018

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.: **FILED SEPTEMBER 13, 2023**

In these consolidated appeals, Brandon Doonan (Appellant) appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas following the revocation of his probation and parole, for the third time, pursuant to a 2018 guilty plea to one count of theft by unlawful taking and a 2019 guilty plea to one count each of theft by unlawful taking

and access device fraud.[1]  On appeal, Appellant contends the trial court: (1) abused its discretion when it resentenced him, for violation of his probation on his 2019 guilty plea, to one to two years' incarceration in a state facility without adequate consideration of sentencing factors; and (2) violated his right to due process when it did not permit him to present certain evidence at his post-sentence motion hearing.  After review, we affirm.

On October 1, 2018, Appellant pled guilty to one count of theft at Docket Number CP-23-CR-0004562-2018 (Docket 4526) and was sentenced to two years' probation.  On February 19, 2019, Appellant pled guilty to one count each of theft and access device fraud at Docket Number CP-23-CR-0007679-2018 (Docket 7679) and was sentenced to an aggregate term of two years' probation.

On May 8, 2019, the trial court found Appellant in violation of his probation at Docket 4562 when he, *inter alia*, failed to report to the office of probation and parole and tested positive for cocaine use.  The court sentenced him to a term of six to 23 months' incarceration, with parole permitted after completion of "Prep I and Prep II" programs.[2]

On August 7, 2020, the court found Appellant in violation of his parole at Docket 4562 and probation at Docket 7679 when he, *inter alia*, again failed

---

[1] 18 Pa.C.S. §§ 3921(a), 4106(a)(3).

[2] Appellant describes the Prep I and Prep II programs as drug treatment programs in the Delaware County prison system.  **See** Appellant's Brief at 9 n.3.

to report to the office of probation and parole and tested positive for use of cocaine and synthetic marijuana. The court sentenced him at Docket 4562 to serve the remainder of his sentence, but allowed parole upon the completion of a drug and alcohol evaluation report and compliance with its recommendations. At Docket 7679, the court sentenced Appellant to two years' probation.

On February 19, 2021, the trial court issued a bench warrant for Appellant after Adult Probation and Parole Officer James Page alleged Appellant committed several parole and probation violations. He stated Appellant: (1) failed to report to the office of probation and parole; (2) admitted to using fentanyl; (3) failed to pay fines and restitution; (4) did not provide documentation that he was enrolled in an outpatient program; and (5) had outstanding community service hours. *See* Request for Bench Warrant, 2/19/21, at 1-2 (unpaginated).

Pertinent to this appeal, on October 18, 2021, the trial court held a hearing on the above violations. Appellant informed the trial court of his history of substance abuse, which began when he was 13 with alcohol and escalated to cocaine, Percocet, and heroin use at age 15, which then continued into adulthood. *See* N.T., 10/18/21, at 10-11. Appellant explained he suffered emotional and physical abuse at the hands of his father, who also had a history of drug use and died from a heroin overdose. *Id.* at 10. Due to this history, Appellant stated he required "dual diagnosis treatment" to address both his substance abuse and psychiatric needs. *See id.* at 7. His

- 3 -

drug and alcohol evaluation report concluded he had an "imminent risk [of] relapse in the absence of 24-hour monitoring and support." ***See id.*** at 11-12.  He requested the court "parole [him] to [a] residential dual-diagnosis inpatient treatment facility[.]" ***Id.*** at 12.

Officer Page recommended that Appellant's parole and his probation for his theft convictions be revoked.[3] ***See*** N.T., 10/18/21, at 4-5.  He stated that at Docket 4562, Appellant should serve the remainder of his sentence and be released on his maximum release date. ***Id.*** at 4.  At Docket 7679, Officer Page requested Appellant receive a new sentence of one to two years' incarceration in a state facility. ***Id.*** at 4-5.  He noted that the office of probation and parole would be "open-minded" if Appellant was accepted into Delaware County's Drug Court Program. ***Id.*** at 5-6.  The court suggested a continuance regarding sentencing to allow Appellant the opportunity to apply for the program, but Appellant declined. ***Id.*** at 6-7, 9.  Defense counsel indicated Appellant was "not interested at [that] time [because] he need[ed] help right away" and admission into drug court was not guaranteed. ***Id.*** 9.

Officer Page raised the following concerns at the hearing:

> [Appellant has been] unsuccessfully discharged from inpatient twice before, and the other concern[ ] is he had a ***Gagnon II***[4

---

[3] There was no violation of probation regarding Appellant's conviction for access device fraud. ***See*** N.T., 10/18/21, at 5.

[4] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973). ***See also Commonwealth v. Ferguson***, 761 A.2d 613 (Pa. Super. 2000) (explaining that when parolee or
*(Footnote Continued Next Page)*

hearing] before [the trial court on] August 7, 2020, and on August 31[st,] I received an incident report saying [Appellant] overdosed. [T]his is his third *Gagnon II* hearing, and we're still coming back for the same thing over and over again. That's why the state sentence is recommended. I think he would be a good candidate for Drug Court, but I . . . do not know if he would be accepted or not.

N.T., 10/18/21, at 13. Officer Page then stated that if the court was "not amenable to a state sentence[,]" he was requesting Appellant complete Prep II before being released into an inpatient program. *Id.* He did not believe Appellant was "ready" for immediate release to inpatient due to his previous discharges, and thus, was "standing by [his] recommendation" for a state sentence. *Id.* at 14.

Due to the COVID-19 pandemic, Officer Page disclosed to the court he did not know the "exacts" of treatment programs offered in state facilities. N.T., 10/18/21, at 14-15. However, he noted some facilities, like State Correctional Institution (SCI) Chester, had "therapeutic community program[s]" that would help Appellant "if th[e] facility [was] still providing drug treatment as [its] primary rehabilitation effort." *Id.* at 15. The Commonwealth argued that Officer Page's statements demonstrated that Appellant was not "amenable to county supervision" and needed to go to a state facility "where they have better resources" and supervision. *Id.* at 16.

_____

probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (*Gagnon I* hearing) of probable cause to believe violation was committed; upon finding of probable cause, a second, more comprehensive hearing (*Gagnon II* hearing) follows before court makes final revocation decision).

At the conclusion of the hearing, the trial court found Appellant in violation of his parole and probation at the above-mentioned dockets and both were revoked. The court sentenced him at Docket 4562 to his remaining sentence — 237 days. *See* N.T., 10/18/21, at 17. At Docket 7679, the court sentenced Appellant for his theft conviction to a period of one to two years' incarceration in a state facility. The court recommended Appellant serve his sentence at SCI Chester, stating it "believe[d] he need[ed] treatment." *Id.* at 17-18. The court also stated:

> Based on [Appellant's] past history, I believe getting into a state facility and a state drug treatment program gives him the greatest likelihood of success for . . . the future. . . .

*Id.* at 18.

On October 27, 2021, Appellant filed a motion for reconsideration of his sentences at each docket. On November 10, 2021, the trial court held a hearing on the motion. Appellant intended to present his mother and Officer Page as witnesses. He proffered that his mother would testify to "what a mother can see of her children that demonstrates high level" substance abuse issues. N.T., 11/10/21, at 4. Appellant stated Officer Page would testify to information about Appellant's past that "should prevent [the court] from [sentencing him to] what the drug and alcohol evaluation recommended." *Id.* at 6-7. He admitted to the court he was not presenting new information. *See id.* at 3. The Commonwealth did not have an objection to the testimony, but stated these topics were "litigated . . . clearly" at the prior hearing and it did not believe the evidence would change the court's decision because Appellant

- 6 -

has "shown time and time again that he cannot" be supervised adequately in the county system. *Id.* at 5. The court concluded it did not need to hear evidence and denied the motion at both dockets. *See id.* at 7.

Appellant filed a timely appeal[5] at both dockets and complied with the trial court's order to file a concise statement of errors complained of on appeal

_____

[5] Petitioners have 30 days from the imposition of sentence to file a notice of appeal. *See* Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). Generally, when a defendant files a post-sentence motion, this 30-day period is tolled until the trial court disposes of the motion. *See* Pa.R.Cim.P. 720(A)(2)(a) (if the defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion). However, the disposition of a motion to modify a sentence imposed after a revocation hearing is governed by Rule 708. *See* Pa.R.Crim.P. 708 (Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition). Rule 708(E) states: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E). The comment to Rule 708 states that Rule 720 does not apply to revocation cases. *See* Pa.R.Crim.P. 708 *comment* (Rule 720 "do[es] not apply to revocation cases.").

Here, the trial court imposed Appellant's revocation sentence on October 18, 2021. *See* N.T., 10/18/21, at 17-18; Sentencing Order (Docket 4562), 10/18/21; Sentencing Order (Docket 7679), 10/18/21. Appellant then had 30 days — or until November 17th — from that date to file a notice of appeal. *See* Pa.R.Crim.P. 708(E). Appellant filed a notice of appeal at each docket on November 16th, thus this appeal was timely. *See id.*; Pa.R.A.P.903; Appellant's Notice of Appeal (Docket 4562), 11/16/21; Appellant's Notice of Appeal (Docket 7679) 11/16/21.

pursuant to Pa.R.A.P. 1925(b).[6]  On January 4, 2022, this Court granted

Appellant's application to consolidate his appeals.  **See** Order, 1/4/22.

Appellant raises the following for our review:

I.  Whether the trial court erred as a matter of law and violated the discretionary aspect of sentencing when it imposed a manifestly excessive and unreasonable sentence, inasmuch as the trial court did not state adequate grounds for imposing such a sentence, such a sentence lacked sufficient support in the record and such a sentence failed to give individualized consideration to [A]ppellant's personal history and background, and was in excess of what was necessary to address the gravity of the offense, the protection of the community, and [A]ppellant's rehabilitative needs?

II. Whether Appellant's due process rights under the state and federal constitutions were violated due to the denial of a hearing on his post-sentence motion, where [A]ppellant had witnesses prepared and present in court to testify at the hearing in support of said motion?

Appellant's Brief at 4.[7]

Appellant's first claim challenges the discretionary aspects of his

sentence.  This Court has stated:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

---

[6] Appellant filed a petition to submit a supplemental Rule 1925(b) statement, which the trial court granted on December 15, 2021.  **See** Order, 12/15/21. Appellant timely filed a supplemental statement.

[7] In Appellant's initial Rule 1925(b) statement, he also raised a challenge to the sufficiency of the evidence.  **See** Appellant's Statement of [Error]'s Complained of On Appeal, 12/3/21, at 2 (unpaginated).  Appellant abandoned this claim in his supplemental Rule 1925(b) statement and on appeal.  **See** Appellant's Supplemental Statement of Matters Complained of on Appeal, 12/16/21, at 2 (unpaginated).

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted).

It is well established that such a challenge does not entitle an appellant to "review as of right." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted). Rather,

[b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708(E) regarding post-sentence motions after revocation]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citation omitted); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("[R]eview of a discretionary sentencing matter after revocation proceedings is encompassed by the scope of this Court's review."); *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or

by filing a [motion to modify] sentence"). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

In the present case, Appellant filed both a timely notice of appeal and post-sentence motion. In addition, his brief includes the requisite concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 14-16. Thus, we must determine whether he has raised a substantial question justifying our review.

Appellant alleges the imposition of his one-to-two-year state sentence was "disproportionate, unreasonable and unduly harsh" considering his probation violations. Appellant's Brief at 16. Further, he asserts the trial court did not consider "any individual factors relevant to [Appellant,]" or the sentencing factors as proscribed in 42 Pa.C.S. § 9721(b). *Id.*; *see* 42 Pa.C.S. § 9721(b) (factors to consider when imposing a sentence include protection of the public, the gravity of the offense, impact on the victim and community, and the defendant's rehabilitative needs). He contends the court did not "articulate adequate reasons" for imposing the sentence when it failed to discuss details of his chronic mental illness and addiction issues, or drug treatment options. *Id.* at 16.

Appellant's contention that the court imposed an unduly harsh sentence without considering mitigating factors or his rehabilitative needs raises a

- 10 -

substantial question. ***See Commonwealth v. Akhmedov***, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*) ("[A]n excessive sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors — raises a substantial question.") (citation omitted); ***see also Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (concluding a challenge that the trial court did not consider rehabilitative needs raises a substantial question).

Though Appellant has raised a substantial question, we conclude he is not entitled to relief. Our review of the record reveals both Appellant and the Commonwealth offered evidence regarding Appellant's rehabilitative needs and mitigating factors to the trial court before it imposed a standard range sentence.[8] Specifically, the court noted it had a "factual basis" for imposing a one-to-two-year state sentence:

> [W]hen faced with [Appellant's] personal history of repeated violations and unsuccessful discharges from inpatient treatment programs, it is clear that the best option for the avoidance of future criminal conduct and rehabilitation . . . is admittance into a state institution.
>
> Furthermore, once again considering [Appellant's] personal history, [the trial court] recommend[ed] SCI Chester due to [its] drug treatment rehabilitation effort.

Trial Ct. Op., 5/23/22, at 4 (unpaginated) (paragraph break added).

---

[8] The Commonwealth alleges Appellant received a standard range sentence. ***See*** Commonwealth's Brief at 8. Appellant does not dispute this assertion.

During the October 18, 2021, hearing, counsel for Appellant explained the mitigating factors and Appellant's rehabilitative needs to the court, stating his current treatment for mental health was not adequate. *See* N.T., 10/18/21, at 8, 10-12. The Commonwealth, *via* Officer Page, reminded the court that Appellant was discharged unsuccessfully from inpatient treatment programs twice before and was committing the same violations "over and over again." *Id.* at 13. Though Officer Page did not know the "exacts" of the current drug treatment programs in state facilities, the Commonwealth informed the court that state facilities have "better resources" and, specifically, SCI Chester has a "therapeutic community program" that Appellant may benefit from. *See id.* at 15-16.

After hearing from the parties, the trial court imposed the sentence recommended by the Office of Probation and Parole. Though the court did not provide a list of each factor it considered before imposition of sentence, this omission does not amount to an abuse of discretion. *See Commonwealth v. Rominger*, 199 A.3d 964, 970 (Pa. Super. 2018) (citations omitted) (noting the sentencing judge does not need to give a "lengthy discourse" to explain why it imposed a specific sentence where the record reflects the court's consideration of "the facts of the crime and character of the offender"). The record demonstrates that Appellant violated his supervision multiple times by committing similar offenses and Officer Page did not think he would benefit from an inpatient treatment program at that time. *See* N.T., 10/18/21, at 13. The court imposed a sentence, which it believed would address Appellant's

needs. Specifically, the court noted that "[b]ased on [Appellant's] past history, [it] believe[d] getting into a state facility and a state drug treatment program gives him the greatest likelihood of success for. . . the future." *Id.* at 18. As the record reflects, the court considered appropriate sentencing factors and Appellant did not demonstrate that the court abused its discretion, no relief is due. *See Rominger*, 199 A.3d at 970; *Zirkle*, 107 A.3d at 132.

In Appellant's second claim, he argues his right to due process was violated when the trial court "refused to hear his witnesses at the November 10, 2021[,] post-sentence motion hearing." Appellant's Brief at 25. Appellant acknowledges he is not entitled to a hearing on a post-sentence motion, but insists that a court "abuses its discretion when [it] agrees to set a hearing on the [motion to reconsider], but then once the hearing is underway, prevents the [d]efendant from putting on any evidence[.]" *Id.* at 27. Appellant asserts the court was required to hear evidence from his witnesses — his mother and Officer Page — who "had critical, relevant information" to support his motion. *Id.* at 25. Specifically, he contends that his mother was present to testify about his mental illnesses, history of substance abuse, and family support system. *Id.* at 26. He also avers that during the October 18th hearing, Officer Page "did not know the details of the state prison drug [program]" and returned to the November 10th hearing to "testify further" about Appellant's treatment options. *Id.*

Appellant's post-sentence motion requested reconsideration of his sentences, alleging "it would be in the best interest of all parties . . . to grant

- 13 -

immediate release to [an] inpatient" program. Appellant's Motions for Reconsideration of **Gagnon** Sentence, 10/27/21, at 2. We note that Pennsylvania Rule of Criminal Procedure 708 does not include language that entitles a petitioner to a hearing to address post-sentence motions. **See generally** Pa.R.Crim.P. 708.

Here, Appellant filed a timely post-sentence motion at each docket. Initially, the trial court scheduled a hearing for argument on the motions. However, upon Appellant's admission that he would not be offering new evidence, the court concluded a hearing was not necessary and denied the motion before presentation of evidence. **See** N.T., 11/10/21, at 3-7. Appellant does not cite to any case law to support his contention that the trial court was required to hold a hearing because he had witnesses — who would, by his own admission, testify to information the court already knew — present in the courtroom. In fact, the governing rule of procedure simply states the timing within which to file a post-sentence motion and notes such a filing will not toll the appeal period. **See** Pa.R.Crim.P. 708(E). The rule is silent as to whether a court must permit a hearing on post-sentence motions.[9] Thus, the trial court acted within its discretion to deny the motion without a hearing. No relief is due.

_____

[9] As Rule 708 does not provide instruction regarding such hearings, we consider Pa.R.Crim.P. 720, which governs general post-sentence procedures, as instructive. **See** Pa.R.Crim.P. 720(B)(2)(b) (the trial court "shall . . . determine whether a hearing or argument on the motion is required"); Pa.R.Crim.P. 720 *comment* ("There is no requirement that oral argument be heard on every post-sentence motion.").

Appellant has failed to demonstrate the trial court abused its discretion when it imposed a one-to-two-year sentence in a state facility and that he was denied his right to due process by not holding a hearing on his post-sentence motions. As such, he is not entitled to any relief.

Judgment of sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2023