J-S32012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEAL EUGENE LILLEY JR | : | |
| | : | |
| Appellant | : | No. 203 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 3, 2025
In the Court of Common Pleas of Montour County Criminal Division at
No(s): CP-47-CR-0000006-2022

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:

**FILED: JANUARY 16, 2026**

Following the revocation of Appellant Neal Eugene Lilley, Jr.'s probation in the instant matter, the court resentenced Appellant to twenty-four months to seven years in prison, to run consecutively to a separate sentence imposed in Union County. On appeal, Appellant claims the court erred in imposing a consecutive sentence, as well as in failing to fulfill its duty of stating the reasons for the sentence on the record. While the Majority finds no merit to Appellant's challenge to the imposition of a consecutive sentence, the Majority concludes the court failed to fulfill its duty of explaining the reasons for the

_____

[*] Former Justice specially assigned to the Superior Court.

revocation sentence. However, given the record before this Court, there is no merit to either of Appellant's challenges to his revocation sentence.

On December 19, 2023, Appellant entered a guilty plea to one count of driving under the influence of alcohol ("DUI"), 75 Pa.C.S.A. § 3802(a)(1), which was his fourth DUI. Pursuant to a plea agreement, the trial court sentenced Appellant to five years of probation, conditioned upon his entry into and completion of a court-sponsored treatment program. Appellant does not dispute on appeal that he violated his probation when he committed and was convicted of a subsequent DUI offense (his fifth DUI) in Union County.[1]

On December 11, 2024, Appellant proceeded to a violation of probation ("VOP") hearing where the VOP court stated on the record that it had an updated revocation pre-sentence investigation report, which read like "a short novel." N.T., 12/11/24, at 2. Appellant's attorney informed the VOP court that the resentencing guidelines provided for a standard range revocation sentence of "twenty-one to twenty-seven." *Id.* at 3. Appellant's attorney requested that the VOP court sentence Appellant in this standard range, and, additionally, impose the sentence concurrently to the sentence imposed in Union County relative to Appellant's fifth DUI conviction. *Id.*

---

[1] In the Union County case, Appellant entered a guilty plea to DUI, as well as other charges, including fleeing or attempting to elude a police officer, 75 Pa.C.S.A. § 3733(a), recklessly endangering another person, 18 Pa.C.S.A. § 2705, and resisting arrest, 18 Pa.C.S.A. § 5104. Appellant was sentenced to an aggregate of twenty-nine months to eight years in prison.

The Commonwealth did not challenge the imposition of a standard range sentence; however, the Commonwealth argued that the revocation sentence should be imposed consecutively to the Union County sentence. *Id.* at 4. The VOP court indicated that, given the revocation pre-sentence investigation report, it had "no problem" sentencing Appellant near the bottom end of the standard range; however, the VOP court suggested the Union County conviction was a "stand alone" case, thus requiring a consecutive sentence for the instant VOP sentence. *Id.*

At this point, Appellant's counsel informed the VOP court that it was Appellant's understanding that the Commonwealth would not oppose the imposition of a sentence concurrent to the Union County sentence. *Id.* at 6. Accordingly, Appellant's counsel advised that Appellant was no longer agreeing that he violated his probation in the instant matter and wanted an additional hearing. *Id.* The Commonwealth requested a continuance, and, thus, the VOP court continued the matter to February 3, 2025.

At the commencement of the February 3, 2025, hearing, Appellant admitted he violated his probation in the instant matter when he was convicted of and sentenced for DUI in Union County. N.T., 2/5/25, at 2. The Commonwealth advised the VOP court that it was still seeking the imposition of a revocation sentence consecutive to the Union County sentence. *Id.* Appellant's counsel requested the following:

> [Appellant] would ask for a standard range sentence, but just that
> it be [*sic*] run concurrently with his Union County sentence so that

he's able to start his drug treatment program there as soon as possible, and that he'd be deemed eligible for the State Drug Treatment Program and RRRI eligible. He has no disqualifying offenses.

*Id.* at 4.

Appellant's counsel requested permission to present mitigating evidence, and the VOP court agreed. *Id.* Appellant took the stand and testified he has a minor daughter. *Id.* at 5. He admitted that he has an alcohol use disorder, and he is ready to get treatment. *Id.* at 6-8. Appellant provided the VOP court with certificates of completion related to various programs, and the VOP court specifically indicated it was reviewing the certificates. *Id.* at 9.

Appellant informed the VOP court that he attends church and described his various employment skills. *Id.* at 10. Appellant provided the VOP court with a copy of a letter from his pastor, and the VOP court specifically indicated it was reviewing the letter. *Id.* at 12.

At the conclusion of the hearing, the VOP court asked counsel to make final arguments. Appellant's counsel argued the following:

[Appellant] would request that the Court consider a sentence in the standard range. This type of fourth offense DUI already requires that my client be on probation until the statutory maximum. This is an F3, that's seven years, so whatever time he serves, he'll be on parole for the foreseeable future to ensure he stays on the straight and narrow.

[Appellant] would renew [his] request that any sentence be run concurrently to the Union County sentence docketed at CP-60-CR-14-2024, Union County. And, we would submit that even running this concurrently, Your Honor, would serve the sentencing purposes set forth in Chapter 42 Section 9721(b) to protect the public, to vindicate the community, and to further the rehabilitation of [Appellant]. First, the concurrent sentence serves

- 4 -

the protection of the public. Your Honor, [Appellant] has no violent offenses in his history. The danger he poses to the public, frankly, is by drinking and driving. A sentence of twenty-one months, even ran concurrently to the eighteen he still has yet to do in Union [County], prevents him from being in the public until such time as he's sufficiently rehabilitated, that when he is back in society as a productive member of society, he will be ready, he won't pose a danger, and he'll be sober.

I would also submit that the vindication of the Commonwealth and the community is also served by a concurrent sentence. A twenty-one month sentence in a State Prison is by no means a short sentence. Even served concurrently to an eighteen-month sentence in Union County, it's still a State sentence. It still comes with State supervision, which is in addition to the Union County supervision he'll be serving. And, it will push back the State Drug Treatment[.] [Appellant], like many people who suffer with alcoholism and substance use disorder, relapsed. He threw away that chance, and he'll be punished for that with a State sentence. However, beginning his rehabilitation when, as you heard, his feeling right now is that he's tired of serving, he's ready to start changing. Let's capitalize, Your Honor, I would submit, on that feeling of being ready, finally, to combat his alcoholism, and being as soon as we can, which would only be done, Your Honor, with a concurrent sentence.

He has people who believe in him, like Reverend Bright. He's shown the Court, in addition to telling the Court, that he's ready to start treatment. Even in incarceration, when he has limited options, I submit to the Court that a concurrent sentence of a standard range sentence would serve all of these 9721(b) factors, and I ask the Court to impose a standard range sentence concurrently to his Union County sentence, and also, to [make] him eligible for the State Drug Treatment and RRRI program.

*Id.* at 18-20.

The VOP court asked Appellant's counsel to confirm when Appellant's sentence on the Union County DUI conviction started, and counsel confirmed it commenced on January 6, 2024. *Id.* at 20. The VOP court asked Appellant's

- 5 -

counsel to confirm the length of the sentence for the Union County DUI, and Appellant's counsel did so. ***Id.*** at 21.

The Commonwealth responded that it was continuing to seek a sentence consecutive to the Union County sentence. ***Id.*** The VOP court then sentenced Appellant to twenty-four months to seven years in prison, to run consecutively to the sentence imposed in Union County. ***Id.*** at 22. The VOP court noted that Appellant is eligible for the state drug treatment program, as well as RRRI.

Thereafter, in its opinion, the VOP court indicated:

> Both sides agreed to the "standard range" sentence of 21-27 months [in prison]. The difference was [Appellant] was seeking a sentence to run concurrently with that of Union County [while the Commonwealth was seeking a sentence to run consecutively with that of Union County]. The [VOP] court was aware of and had reviewed the lengthy Pre-Sentence Report.

> [Appellant's] counsel made a comprehensive argument for the sentence to run concurrently, and [Appellant] articulated his reasons for seeking the concurrent sentence. The [VOP] court took this under consideration and sentenced [Appellant] in the middle of the standard range to "24 months to 7 years," to run consecutively to the sentence imposed by Union County.

> \*\*\*

> [W]here a PSI, [n]ow commonly referred to as a Pre-sentence Report, exists, it can be presumed that a sentencing judge was aware of the relevant information regarding the [d]efendant's character and weighed those considerations along with the mitigating statutory factors.

VOP Court Opinion, filed 4/16/25, at 1-3.

Based on the aforementioned, I agree with the Majority that the VOP court did not err in imposing Appellant's revocation sentence consecutively to

the Union County sentence. Since Appellant had two or more prior offenses, 75 Pa.C.S.A. § 3804(c.2) required the VOP court to impose the instant sentence consecutively to the Union County sentence. Accordingly, the VOP court did not err in this regard.

However, I disagree with the Majority that it is necessary to vacate Appellant's judgment of sentence and remand for resentencing on the basis the VOP court failed to state on the record the reasons for the revocation sentence. As it relates to the VOP court imposing the instant sentence consecutively to the Union County sentence, as indicated *supra*, the VOP court was statutorily bound to impose consecutive sentences. **See id.** As it relates to the VOP court imposing the instant sentence in the "standard range," it is notable that Appellant specifically asked for a "standard range" sentence.

In any event, as this Court has held recently:

> The Sentencing Code requires a court to state the reasons for the sentence imposed, in open court at the time of sentencing. 42 Pa.C.S.A. § 9721(b); Pa.R.Crim.P. 704(C)(2). The court may meet this requirement by indicating that it "has been informed by the pre-sentencing report[,] thus properly considering and weighing all relevant factors." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa.Super. 2009) (cleaned up); **see also Commonwealth v. Devers**, [519 Pa. 88,] 546 A.2d 12, 18 (1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors"); **Commonwealth v. Fowler**, 893 A.2d 758, 766 (Pa.Super. 2006) (finding requirement for reasoning satisfied where court imposed sentence in the standard range and court stated it read the PSI, listened to the facts presented for sentencing, and the appellant's guilty plea).

Indeed, our Supreme Court has explained that a statement of reasons is not necessary where a PSI exists due to the presumption it creates that the court was fully informed[.]

***Commonwealth v. Goodco Mechanical, Inc.***, 291 A.3d 378, 407 (Pa.Super. 2023).

Moreover, as our Supreme Court held in ***Devers***:

A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Devers***, 546 A.2d at 18.

Furthermore, as it specifically applies to revocation sentences:

[F]ollowing revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant.

***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa.Super. 2014) (citation omitted). ***See Commonwealth v. Rominger***, 199 A.3d 964, 970 (Pa.Super.

2018) (holding a "lengthy discourse" is not required of the sentencing court to explain why it imposed a specific sentence where the record reflects the court's consideration of "the facts of the crime and character of the offender").

In the case *sub judice*, the VOP court specifically stated on the record that it reviewed the revocation pre-sentence investigation report, which read like "a short novel." N.T., 12/11/24, at 2. Further, the VOP court specifically stated that it reviewed Appellant's certificates of completion related to various programs. **Id.** at 9. Also, Appellant provided the VOP court with a letter from his pastor, and the VOP court indicated on the record it was reviewing the letter. **Id.** at 12. Moreover, the VOP court permitted Appellant to present extensive testimony regarding the mitigating factors, as well as heard Appellant's statements of remorse and willingness to change his behavior.

My review of the record reveals the VOP court was engaged in the sentencing process in imposing the revocation sentence. The record demonstrates that the VOP court was aware of the sentencing considerations, and, therefore, this Court must presume the VOP court applied those facts to Appellant's sentence.

Simply put, given the extensive information reviewed and acknowledged by the VOP court on the record, the VOP court was well informed in arriving at a balanced judgment in imposing judgment. **See Devers**, **supra** (holding a judge may satisfy requirement of disclosure on record of reasons for imposition of particular sentence without providing detailed, highly technical

statement; rather, full pre-sentence report informs the sentencing procedure, and thus, having been fully informed by pre-sentence report, sentencing court's discretion should not be disturbed, particularly in those circumstances where it can be demonstrated that judge had any degree of awareness of sentencing considerations).

Accordingly, I would affirm Appellant's judgment of sentence, and, thus, I respectfully dissent.