J-A17015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALE WOODARD | : | |
| | : | |
| Appellant | : | No. 47 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 1, 2024
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000164-2021

BEFORE: McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: September 26, 2025**

Dale Woodard appeals from the judgment of sentence entered following his conviction for indecent exposure. *See* 18 Pa.C.S.A. § 3127(a). He challenges the discretionary aspects of his sentence. We affirm.

Woodard pleaded guilty to one count of indecent exposure. In March 2023, the trial court sentenced him to 21 to 60 months' incarceration. The court used a prior record score of repeat felony offender (RFEL), based on out-of-state convictions. Woodard appealed, and we vacated the sentence and remanded for the court to determine the applicable prior record score. *Commonwealth v. Woodard*, No. 680 WDA 2023, 2024 WL 770374, at *9 (Pa.Super. filed Feb. 26, 2024). We reasoned that the trial court record did not contain sufficient information regarding the prior out-of-state crimes to determine the equivalent Pennsylvania crime for use in establishing the prior record score. *Id.*

At the resentencing in August 2024, the Commonwealth stipulated to a prior record score of 2. The trial court sentenced Woodard to 11½ to 60 months' incarceration. The trial court stated:

> The reasons for this re-sentence are that it falls within the standard range of the sentencing guidelines, and the defendant does have a serious prior record of sexual offenses. Furthermore, according to the facts placed on the record at the time of the defendant's guilty plea, the defendant exposed his naked body in front of a child under 16 years of age, intentionally saw the naked body of that child, had sexually explicit conversation with the child, and exposed the child to pornography. Furthermore, the defendant is in need of correctional treatment that can be best provided and most effectively provided by his commitment to a state correctional institution.

N.T., Aug. 1, 2024, at 23-24.

Woodard filed a post-sentence motion, which the trial court denied. He timely appealed.

Woodard raises the following issue: "Did the trial court abuse its discretion by imposing the statutory maximum as the maximum of the sentence, being sixty (60) months?" Woodard's Br. at 2

Woodard challenges the discretionary aspects of his sentence. Before we may review such a challenge, we must determine whether: 1) the appeal is timely; 2) the appellant preserved the issue; 3) the appellant's brief contains a statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) the appellant has presented a substantial question. *See Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014); Pa.R.A.P. 2119(f) ("An appellant who challenges the

discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

Woodard filed a timely appeal, preserved the issue in a post-sentence motion, and included in his brief a Rule 2119(f) statement. Woodard's Rule 2119(f) statement alleges the "damage" from the prior miscalculation of his prior record score was done because he already was in a state correctional institution and had been determined to require sex offender treatment by the Department of Corrections. He maintains his sentence is a result of the previous sentence, claiming it was not typical to sentence someone with a prior record score of 2 to one to five years in prison. He maintains his sentence violated a fundamental norm of the Sentencing Code because he effectively received the same sentence. He notes the maximum imposed was the same, even though he had a prior record score of 2, not RFEL. We conclude Woodard raised a substantial question. **Commonwealth v. Williams**, 69 A.3d 735, 740 (Pa.Super. 2013) (finding a claim that "court imposed a sentence unreasonably disproportionate to her crimes and unduly excessive" raised a substantial question); **Commonwealth v. Corley**, 31 A.3d 293, 297 (Pa.Super. 2011) (allegation of bias in sentencing "implicates the fundamental norms underlying sentencing and . . . raises a substantial question").

Woodard argues the trial court abused its discretion by imposing the 11½ to 60 month sentence because the new sentence effectively was the

same sentence previously imposed even though the prior record score now was 2, not RFEL. He points out that at the time of re-sentencing, he had been incarcerated for 21 months and therefore "it was obvious that [he] was not going to be paroled at his minimum" and that the court "would have known that [he] was likely to serve the maximum sentence." Woodard's Br. at 9-10. He notes that although the trial court did not refer him to sex offender treatment, the Department of Corrections is requiring the treatment.

He maintains he continues to suffer the effects of the prior sentence. Woodard argues the sentence "appears to have been intended to essentially preserve the prior, vacated sentence[] of 21 months to 60 months." *Id.* at 12. He maintains that if the PSI had accurately reflected his prior record score for the first sentencing, the court would likely have imposed a probationary or county sentence. He further notes that the prior, out-of-state charges were from June to September of 1994. In addition, he states that his cousin testified that she had the ability to assist him in reentering society.

Sentencing is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *See Commonwealth v. Rominger*, 199 A.3d 964, 970 (Pa.Super. 2018). "An abuse of discretion occurs where the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* (internal quotation marks and citation omitted).

When the court fashions its sentence, it must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life

- 4 -

of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, where the court had the benefit of a PSI, we may "assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Griffin**, 65 A.3d 932, 937 (Pa.Super. 2013) (citation and internal quotation marks omitted).

Here, the trial court did not abuse its discretion. The court considered Woodard's prior record of sexual offenses and the facts to which he pled guilty—exposing his naked body in front of a child under 16 years of age, intentionally seeing the naked body of that child, having sexually explicit conversation with the child, and exposing the child to pornography. The court further considered that Woodard was in need of correctional treatment that can be best provided by a state correctional institution. We further note that the court reviewed the PSI and the minimum sentence imposed was within the standard guideline range. The court did not abuse its discretion when it imposed a maximum sentence of 60 months' incarceration.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  <u>09/26/2025</u>